537 S.E.2d 550

**In the Matter of Edward S. ERVIN IV, Respondent.**

**No. 25197.**

Supreme Court of South Carolina.

Heard Aug. 2, 2000.
Decided Sept. 18, 2000.

Kenneth R. Young, of Sumter, for respondent.

Senior Assistant Attorney General James G. Bogle, Jr., for the Office of Disciplinary Counsel.

PER CURIAM:

In this attorney disciplinary proceeding, the sub-panel and full panel recommend an indefinite suspension. We concur and impose the recommended sanction.

## FACTS

Respondent, Edward S. Ervin, IV, was arrested for 9 counts of obtaining controlled substances by fraud.[1]  He was permitted to enter Pre–Trial Intervention (PTI), with the condition he complete 40 hours of community service at the Sumter County Museum.  In February, 1999, Ervin submitted a community service work form to the solicitor's office indicating he had completed his 40 hours.  Thereafter, the museum employees indicated Ervin had misrepresented the number of hours he had worked on the form.  Upon learning of the misrepresentation, the solicitor terminated Ervin from PTI for failing to successfully complete his hours, and for "Representing False Documentation of Community Service."  Due to his termination from PTI, Ervin was indicted for 9 counts of obtaining controlled substances by fraud, a felony.[2]  He was permitted to plead guilty to 9 counts of obtaining drugs by fraud, deceit or the like, a misdemeanor.[3]  He was sentenced to two years, suspended on 6 months probation.

---

1. Ervin became addicted to Oxycodone in 1993 after he was prescribed pain medications for a back injury.

2. *See* S.C.Code Ann. § 44–53–390(a)(3) (1985 & 1999 Supp.).

3. S.C.Code Ann. § 44–53–40(1) (1985 & 1999 Supp.).

At the hearing before the sub-panel, respondent did not dispute the fact of his convictions; the only contested issue was whether or not respondent had falsified his PTI hours. Respondent was not present at the sub-panel hearing; Disciplinary Counsel presented testimony of the four Sumter County Museum employees, all to the effect that Ervin misrepresented the number of hours worked.

The sub-panel unanimously recommended imposition of an indefinite suspension, finding Ervin violated Rule 7 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR, and the Rules of Professional Conduct, Rule 407, SCACR, due to his convictions for obtaining drugs by fraud. The sub-panel declined to address the issue of whether Ervin had misrepresented the hours worked on his community service form. It found "the recommended sanction would be the same in any event." The full panel adopted the sub-panel's report.

## DISCUSSION

■ Initially, we find clear and convincing evidence from which to conclude Ervin misrepresented the number of hours worked at the Sumter Museum. At the hearing before this Court, respondent acknowledged that the evidence supports a finding that he falsified his PTI hours. Accordingly, we find respondent guilty of misconduct in misrepresenting his hours.

■ As a result of his conduct, respondent has violated the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violation of a Rule of Professional Conduct), Rule 7(a)(4) (conviction of a crime of moral turpitude or a serious crime),[4] Rule 7(a)(5) (conduct demonstrating an unfitness to practice law or bringing the legal profession into dispute), and Rule 7(a)(6) (violation of the oath of office taken upon the admission to practice law in this State). Further, respondent has violated the

---

4. Although a misdemeanor, we find the conviction for obtaining drugs by fraud or misrepresentation is a serious crime as defined by Rule 2(z)of the Rule on Lawyer Disciplinary Enforcement, Rule 413, SCACR, since its commission adversely reflects on respondent's honesty, trustworthiness, and fitness as a lawyer, and also involves fraud and/or misrepresentation.

following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (violated the Rules of Professional Conduct), Rule 8.4(b) (commission of a criminal act).

We conclude the appropriate sanction in this case is an indefinite suspension from the practice of law. The commencement point for this suspension will be the date respondent was temporarily suspended. Respondent shall file, within fifteen (15) days of this opinion, an affidavit with the clerk of this Court stating he has complied with Paragraph 30 of Rule 413, SCACR.

**INDEFINITE SUSPENSION.**